CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DENNIS LOYD NEWMAN, | ) | Civil Action No. 7:15-cv-00482 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM WILSON, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Dennis Loyd Newman, a Virginia inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983, naming William Wilson, the Superintendent of the Rappahannock Shenandoah Warren Regional Jail ("Jail"), as the sole defendant. Plaintiff concludes that Superintendent Wilson was deliberately indifferent to his chipped tooth. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing Plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff chipped his tooth when he bit into a potato in the Jail's cafeteria on May 10, 2015. The Jail doctor ordered that the tooth be repaired, but Plaintiff was transferred to another Jail ("NWRADC") that day or during the next day. After arriving at his new facility, Plaintiff wrote a letter to Superintendent Wilson, asking him to compel staff at a different correctional facility to fix his tooth, but Superintendent Wilson did not respond.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a claim of deliberate indifference of a serious medical need against Superintendent Wilson, and Superintendent Wilson cannot be held liable merely because he is the Superintendent of the Jail. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). Plaintiff fails to describe how Superintendent Wilson was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or was deliberately indifferent to a medical provider's misconduct at a completely different correctional facility. See, e.g., Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Furthermore, Plaintiff fails to describe any substantial harm resulting from the delay in having a chipped tooth repaired. See, e.g., Webb v.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

Hamidullah, 281 F. App'x 159, 166 (4th Cir 2008). Accordingly, the complaint is dismissed without prejudice for failing to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 30th day of November, 2015.

                                                                              United States District Judge